18 29
66 348

18 29
29ap449

18h 29
39 Mis 627

EDWARD D. BAKER AND PHILENA D. CORNELL, APPELLANTS, *v.* THOMAS L. DISBROW AND LIVINGSTON DISBROW, EXECUTORS OF PHILENA DISBROW, DECEASED, RESPONDENTS.

*Trustees — liability of, for improper investments.*

Where a trustee has made improper investments the *cestui que trust* has an election to take the original fund and legal interest thereon, or to take the fund as invested at the time of the accounting, and all legal profits realized by the trustee thereon. In the latter case, however, in determining the profits realized by the trustee, the whole period during which he has held the fund is to be considered. The *cestui que trust* cannot take profits for one period and interest for another.

APPEAL from a decree by the surrogate of the county of Westchester, entered upon the final settlement of the accounts of the respondents, as executors of Philena Disbrow, deceased.

*Joseph D. Baker* and *Treadwell Cleveland*, for the appellants.

*Martin J. Keogh*, for the respondents.

Gilbert, J. :

A breach of trust having been shown, the only question before us is in what way the trustees and executors are to be charged. It appears that up to October, 1871, the unauthorized dealings with the trust funds had produced large profits, but that in consequence of similar dealings, after that date, all of those profits and some of the principal of the fund had been lost. The trust was " to invest on good bond and mortgage, or in or upon other good and sufficient security." No particular mode of investment, except upon bond and mortgage, was prescribed. The trustees invested in the purchase of real estate. In such a case the rule seems to be that the *cestui que trust* has his election to take the fund and legal interest thereon, or the fund and all the profits that have been made upon the fund. If the *cestui que trust* elects to take the profits he must take them during the whole period, subject to all the losses of the business ; he cannot take profits for one period and interest for another. (Hill on Trusts [2d Am. ed.], 534; Perry on Trusts, §§ 470–472, and cases cited; *Heathcote* v. *Hulme*, 1 J. & W., 122.) The trustee cannot be charged with a greater amount of profits than he has actually received. (*Jones* v. *Foxall*, 15 Beav., 388–395; *Utica Ins. Co.* v. *Lynch*, 11 Pai., 523, *et seq.*) The principle is that, in the management of a trust, the trustee may lose but cannot gain. If by any improper use of the fund profits have been realized, they must be accounted for, and if no profits have been made he is to be charged with the fund and interest thereon. The profits which may have accrued at any particular time are a mere accretion to the fund, and the trustee can be charged with them only upon the ground that he has appropriated them to his own use. If upon an accounting, in respect to the fund during the entire period of the trust, it appears that no profits have been made, the trustee is chargeable with interest only. The improper investment is considered as against the trustee himself, as equivalent to no investment. But in favor of the *cestui que trust* it gives an option to claim either the investment made, or the replacement of the original fund, with interest, according as the one or the other may be most for his benefit. (*Lane* v.

*Dighton*, Amb., 409; *Marsh* v. *Hunter*, 6 Mad., 295; *Robinson* v. *Robinson*, 1 DeG., M. & G., 256; *Docker* v. *Somes*, 2 M. & K., 655; *supra*, cases cited.)

The surrogate appears to have been governed by the rule stated, and his decree should be affirmed, with costs to be paid out of the estate.

BARNARD, P. J., and DYKMAN, J., concurred.

Decree of surrogate affirmed, with costs.